IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**LAVONNE PATTERSON**                                                                                    **PLAINTIFF**

vs.                                  No. 1:20-cv-1020-SOH

**GIBRALTAR ENERGY COMPANY,**                              **DEFENDANTS**
**RICHARD H. MASON and VERTIS MASON**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lavonne Patterson ("Plaintiff"), by and through her attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Gibraltar Energy Company, Richard H. Mason and Vertis Mason (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating and managing an electric utility company in El Dorado.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed by Defendants at its office located in the El Dorado Division of the Western District of Arkansas.

8. The acts alleged in this Complaint had their principal effect within the El Dorado Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and a resident and domiciliary of Arkansas.

10. Defendant Gibraltar Energy Company ("Gibraltar") is a foreign, for-profit corporation registered to do business in Arkansas.

11. Gibraltar's registered agent for service is Richard H. Mason at 200 North Washington, El Dorado, Arkansas 71730.

12. Defendant Richard H. Mason ("R. Mason") is an individual and domiciliary of Arkansas.

13. Defendant Vertis Mason ("V. Mason") is an individual and domiciliary of Arkansas.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. R. Mason is an owner, principal, officer and/or director of Gibraltar Energy Company.

16. R. Mason manages and controls the day-to-day operations of Gibraltar Energy Company, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

17. V. Mason is an owner, principal, officer and/or director of Gibraltar Energy Company.

18. V. Mason manages and controls the day-to-day operations of Gibraltar Energy Company, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

19. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

20. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

22. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

23. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

24. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

25. At all times material herein, Plaintiff has been misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

26. At all relevant times herein, Defendant directly hired Plaintiff to work at its office, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

27. Plaintiff was employed by Defendant as an executive administrative assistant from August of 2016 until April of 2020.

28. Plaintiff's job duties included handling payroll, stuffing envelopes and ordering office supplies.

29. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

30. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

31. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

32. Plaintiff regularly worked over forty (40) hours per week.

33. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) per week.

34. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of her hours worked over forty (40) per week.

35. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**V.   FIRST CAUSE OF ACTION—Violation of the FLSA**

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

53. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

Page 6 of 9
Lavonne Patterson v. Gibraltar Energy Company, et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1020-SOH
Original Complaint

## VI. SECOND CAUSE OF ACTION—Violation of the AMWA

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

57. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

58. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

59. At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

60. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

61. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lavonne Patterson respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

E. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F. Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

G. Judgment for liquidated damages pursuant to the FLSA;

H. Judgment for liquidated damages pursuant to the AMWA;

I. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J. For a reasonable attorney's fee, costs, and interest; and

K. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LAVONNE PATTERSON**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_/s/ Tess Bradford_
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 9 of 9
Lavonne Patterson v. Gibraltar Energy Company, et al.
U.S.D.C. (W.D. Ark.) Case No. 1:20-cv-1020-SOH
Original Complaint